UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ISMAEL T. LOPEZ,

      Petitioner,

  v.                                                                                              Case No. 06-C-0668

JEFFERY P. ENDICOTT, Warden,

      Respondent.

**DECISION AND ORDER DISMISSING HABEAS CORPUS PETITION
FOR UNTIMELINESS**

## I. PROCEDURAL BACKGROUND

On June 8, 2007, the petitioner, Ismael T. Lopez ("Lopez"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. According to Lopez's petition and the other written submissions on file, on March 23, 1988, in the Milwaukee County Circuit Court, Lopez was convicted of one count of first degree sexual assault in violation of Wis. Stat. § 940.225(1)(b), after he plead guilty to the same (Case No. L-8036). On April 18, 1989, again upon a plea of guilty in the Milwaukee County Circuit Court, Lopez was convicted of one count of first degree reckless endangering safety, in violation of Wis. Stat. § 941.30(1); one count of abduction, in violation of Wis. Stat. § 940.32(3); and one count of first degree sexual assault, in violation of Wis. Stat. § 940.225(1)(b) (Case No. F-890277). With respect to Case No. F-890277, on May 30, 1989, Lopez was sentenced to serve twenty (20) years incarceration on count three; ten (10) years incarceration on count two, to run consecutively to the sentence on count three; and five (5) years incarceration on count one, to run consecutively to the sentences on counts two and three. As to Case No. L-8036,

Lopez was sentenced to serve twenty (20) years, with such sentence to run consecutively to the sentences in Case No. F-890277.

Subsequently, on July 25, 1989, Lopez filed a motion for reconsideration and sentence modification. On December 4, 1989, the sentence in Case No. L-8036 was modified to run concurrently with the sentences imposed in Case No. F-890277.

Lopez did not file any appeal of his convictions. However, on March 19, 2005, Lopez filed a motion for postconviction relief pursuant to Wis. Stat. 974.06, seeking to withdraw his guilty pleas on grounds that the court failed to advise him of the immigration consequences of his pleas or failed to ascertain his understanding of the nature of the charges. He also alleged that the court failed to advise him of his appellate rights at the sentencing hearing. That motion was denied by the circuit court on April 7, 2005. A subsequent motion to compel the filing of an amended record was denied on June 15, 2005. On March 26, 2006, the Wisconsin Court of Appeals affirmed the orders of the circuit court. On May 9, 2006, the Wisconsin Supreme Court denied Lopez's petition for review.

Lopez's federal habeas corpus petition was randomly assigned to United States District Judge Charles N. Clevert, Jr. Upon reviewing Lopez's petition in accordance with Rule 4 of the Rules Governing § 2254 Cases, Judge Clevert, on August 14, 2007, issued an order directing the parties to file briefs addressing the timeliness of Lopez's petition under 28 U.S.C. § 2244(d)(1). Thereafter, both parties consented to magistrate judge jurisdiction and the case was transferred to this court for further processing and entry of a final judgment. On August 28, 2007, this court issued an order adopting Judge Clevert's previously entered briefing schedule on the timeliness issue. Thereafter, the parties filed briefs setting forth their respective positions on the timeliness of Lopez's habeas corpus petition.

2

## II. DISCUSSION

Habeas petitions challenging the petitioner's confinement pursuant to a state court conviction are subject to the statute of limitations set forth in 28 U.S.C. § 2244. That section provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The statute goes on to specify when the 1-year limitation period begins to run, and also provides that the period of limitations is tolled while certain state proceedings are pending.

> The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under Wisconsin law, a defendant who wishes to appeal his or her judgment of conviction must file a Notice of Intent to Pursue Postconviction Relief within twenty days of the entry of

3

judgment. Wis. Stat. § 809.30(2)(b). As previously stated, Lopez did not appeal his convictions.[1]
To be sure, Lopez filed a motion for reconsideration and modification of sentence on July 25, 1989, which was granted on December 4, 1989. But, even assuming that motion tolled the running of the § 2244 statute of limitations pursuant to § 2244(d)(2), Lopez's judgment of conviction still would have become final long before April 24, 1996, the effective date of the Antiterrorism & Effective Death Penalty Act ("AEDPA"). Thus, he had one year from the date of enactment, i.e., until April 24, 1997, to file his federal habeas petition. *Newell v. Hanks*, 283 F.3d 827, 832-33 (7th Cir. 2002); *Lindh v. Murphy*, 96 F.3d 856, 866 (7th Cir. 1996) (*en banc*), *rev'd on other grounds*, 521 U.S. 320 (1997). Such being the case, because Lopez's petition was not filed until June 8, 2007, it is untimely unless either sufficient time between April 24, 1996 and June 8, 2007 was tolled under 28 U.S.C. § 2244(d)(2) or Lopez is able to seek relief under some other subpart of § 2244(d)(1).

Lopez does not argue that he is entitled to relief under the tolling provision of § 2244(d)(2). Nor could he. Indeed, nothing was filed by him in the state court between April 24, 1996 and March 19, 2005, on which latter date he filed his motion for postconviction relief pursuant to Wis. Stat. § 974.06. By that time, however, the one-year federal habeas corpus statute of limitations period had expired.

---

[1] It is not entirely clear if Lopez's judgment became final on the expiration of this twenty-day period within which to file a notice of intent, to wit, on June 19, 1989. *See Graham v. Borgen*, 483 F.3d 475, 477-78 (7th Cir. 2007) (noting that the government claimed that the conviction became final forty-five days after the petitioner's sentence was imposed, citing Wis. Stat. § 808.04(1)). However, it is immaterial whether Lopez's judgment became final twenty, forty-five, or even ninety days after the entry of judgment, as Lopez waited almost eighteen years to file his petition.

4

Instead, Lopez argues that § 2244(d)(1)(D) is applicable to his case. Specifically, Lopez argues that he did not know that he, not being a citizen of the Untied States, would face deportation as a consequence of his plea. According to Lopez,

> [he] was not aware of, or even knew that he could or would be facing deportation consequences because of his guilty plea. It was not until 8-13-04, when he was served with a "Notice to Appear" by immigration. It was the first time he became aware of the "direct consequences" of his guilty plea.

(Pet'r's Br. at 3.) In my opinion, Lopez has failed to demonstrate the applicability of §2244(d)(1)(D) to his situation and therefore his petition for a writ of habeas corpus will be dismissed as untimely filed.

In *Owens v. Boyd*, 235 F.3d 356 (7th Cir. 2001), the Court of Appeals for the Seventh Circuit rejected that petitioner's approach to the meaning of § 2244(d)(1)(D). In *Owens*, the petitioner argued that his federal habeas corpus petition should be deemed timely filed under the saving provision of § 2244(d)(1)(D). The court described the petitioner's position as follows:

> He says that he did not realize in June 1997 that his appointed lawyer was leaving him to his own devices, and that he did not appreciate until March 1998 that no request for discretionary review had been filed. Then, Owens contends, he spent a further nine months investigating what he could do about his situation, finally concluding in December 1998 that he could seek collateral relief on the ground of ineffective assistance. According to Owens sometime in December 1998 was "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence", § 2244(d)(1)(D), and thus only then that the year in which to seek federal review commenced.

*Owens*, 235 F.3d at 359.

The court of appeals rejected Owens' argument. In doing so, the court stated:

> Owens's approach disregards the language of the statute. He proposes that the year to file a federal petition begins when a prisoner *actually understands* what legal theories are available. That is not what § 2244(d)(1) says. First, the time commences when the factual predicate "could have been discovered through the

5

> exercise of due diligence", not when it was actually discovered by a given prisoner. Second, the trigger in § 2244(d)(1)(D) is (actual or imputed) discovery of the claim's "factual predicate", not recognition of the facts' legal significance. . . . Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance. If § 2244(d)(1) used a subjective rather than an objective standard, then there would be no effective time limit, as Owens's case illustrates. Like most members of street gangs, Owens is young, has a limited education, and knows little about the law. If these considerations delay the period of limitations until the prisoner has spent a few years in the institution's law library, however, then § 2244(d)(1) might as well not exist; few prisoners are lawyers.

*Id*. (emphasis in original.)

Well prior to August 13, 2004 (when Lopez claims he was served by the immigration authorities with a "Notice to Appear"), Lopez was certainly aware that he was not an American citizen; that he had committed a number of crimes; that he had plead guilty to, and been adjudged guilty of, at least some of those crimes; and that he had been sentenced to serve a lengthy sentence as a result of those judgments of conviction. It is the confluence of these *predicate facts* that render Lopez subject to deportation upon his release from prison. To be sure, Lopez may not have been aware of the legal consequences of such confluence, i.e., deportation. But, as of the moment he was sentenced in 1989, he was well aware of the above-listed "factual predicate[s]" of his claim. Such being the case, Lopez's petition for a writ of habeas corpus, like that of the petitioner in *Owens,* is untimely. Thus, his petition must be dismissed as having been filed in untimely fashion under § 2244(d).

**NOW THEREFORE IT IS ORDERED** that Lopez's petition for a writ of habeas corpus be and hereby is **DISMISSED**;

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED**;

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

6

**SO ORDERED** this 13th day of December 2007, at Milwaukee, Wisconsin.

                                                         /s/ William E. Callahan, Jr.
                                                         WILLIAM E. CALLAHAN, JR.
                                                         United States Magistrate Judge